

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 14, 1957.

Honorable Frank D. McCown,
District Attorney,
69th Judicial District,
316 Denrock Avenue,
Dalhart, Texas.

Opinion No. WW-80

Re: Construction of Condit-
ional Sales Contract and
particularly in regard
to whether or not such
is in the nature of a
Chattel Mortgage and
related questions.

Dear Mr. McCown:

We are in receipt of your opinion request and the
very helpful brief which you forwarded to us in connection
therewith. We quote from your request as follows:

"A Seller sells a washing machine,
delivers possession to the vendee and takes
a conditional sales contract whereby the
seller retains the title to the property
until the entire unpaid balance is paid. It
is entered into as a two party agreement
and does not purport to be a chattel mort-
gage. The vendee then sells the property
or removes it from the State or County with
intent to defraud."

You propounded the following questions for our con-
sideration and opinion:

"1. Has the vendee violated the provisions
of Article 1558 P. C. on fraudulent dis-
position of mortgaged property?

"2. If he is not guilty of fraudulent dis-
position of mortgaged property, is he
guilty of the offense of conversion by
bailee?

"3. If he is not guilty of the offenses set
out in 1 and 2 above, is he guilty of the
crime of theft?

"4. If he is not guilty of any of the offenses
set out above, is he guilty of any offense?"

Article 1558 of the Texas Penal Code provides that if any person has given, or shall give any mortgage, deed of trust or other lien in writing, upon any personal or movable property and thereafter removes the same, or any part thereof, out of the State, or out of the County in which it was located at the time of the creation of the lien, or otherwise disposes of same with intent to defraud the person having such lien, he shall be confined in the penitentiary for not less than two, nor more than five years.

The contract in question here is captioned "Conditional Sales Contract". It provides in part:

> "Title to said goods shall remain in
> the Seller and shall not pass to the Buyer
> until all amounts owing hereunder have been
> paid in cash by the Buyer."

The instrument hereunder considered is properly construed as a Conditional Sales Contract.

You state in substance that the proposed defendant purchased the personal property under a conditional sales contract, wherein it was provided that the title to the property was retained by the vendor until the said property was paid for in full; that before it was fully paid for, the purchaser fraudulently removed the property from the county, or fraudulently removed it from the state, or fraudulently sold it.

Article 5489, Revised Civil Statutes, 1925, as amended, provides that any reservation of title on property in chattels as security for the purchase money, "shall be held to be chattel mortgages."

It is well settled in Texas that all attempted reservations of title in a sales note or contract simply make the instrument a chattel mortgage, and the status of the parties is that of mortgagor and mortgagee. Petersime Incubator Co. vs. Bunn, 239 S.W. 2d 416, (Tex. Civ.App., 1951) error dismissed; First National Bank in Dalhart vs. Flack, 222 S.W.2d 455 (Tex. Civ. App. 1949), reversed on other grounds; Gardner vs. Associates Investment Co., 171 S.W.2d 381 (Tex. Civ.App., 1943) error refused, want of merit.

In our opinion, the case of Williams v. State, 118 Tex. Cr. 386, (1931), 39 S.W.2d 79, held only that a conditional sales contract "is not, on its face, a chattel mortgage.

Hence, there was a variance between the instrument described in the indictment /as a mortgage/ and that received in evidence." The Court, we believe, does not hold that one who purchases property under a conditional sales contract, by the terms of which the title to the goods sold remained in the vendor until the entire unpaid balance is paid, and who fraudulently disposes of it is not guilty of fraudulent disposition of mortgaged property under the provisions of Article 1558, Texas Penal Code.

On the basis of the foregoing authorities, your first question is answered in the affirmative. It is, therefore, unnecessary to consider questions Nos. 2, 3, and 4.

## SUMMARY

The sale or removal of personal property from the County in which purchased under a conditional sales contract, wherein title to such property sold remains in the vendor until the entire unpaid balance is liquidated, with intent to defraud, constitutes a violation of the provisions of Article 1558 of the Texas Penal Code relating to fraudulent disposition of mortgage property.

Very truly yours,

WILL WILSON
Attorney General

By *B. H. Timmins, Jr.*
B. H. Timmins, Jr.
Assistant

BHT:pr:rh

APPROVED:
OPINION COMMITTEE
H. Grady Chandler, Chairman
Byron Fullerton
Milton Richardson
Wayland C. Rivers

REVIEWED FOR THE ATTORNEY GENERAL

By: Geo. P. Blackburn